*In re* GUARDIANSHIP OF EVELYN HOLM, a Disabled Person (John G. Satter, Guardian, Plaintiff-Appellee, v. Lee M. Holm, Defendant-Appellant).

Fourth District   No. 4—92—0356

Opinion filed November 5, 1992.

Robert P. Follmer, of Pontiac, for appellant.

Steven D. Ziegler, of Satter, Beyer & Spires, of Pontiac, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On November 13, 1989, a citation to discover assets proceeding was initiated against defendant Lee M. Holm in the circuit court of Livingston County to determine whether he had any assets belonging to his mother, Evelyn Holm. That court had previously entered an order on October 2, 1989, appointing John G. Satter, Livingston County public guardian, as plenary guardian of the estate and Melvin E. Holm as plenary guardian of the person of Evelyn Holm, an alleged disabled person.

Defendant appeals orders entered June 6, 1991, and June 25, 1991, in favor of the guardian of the estate, in the amount of $34,221.71, and awarding the guardian attorney fees in the amount of $1,158, respectively. Defendant maintains on appeal that the trial court did not have jurisdiction or authority to enter judgment, because the guardian did not file a petition pursuant to the requirement of section 16—1 of the Probate Act of 1975 (Act) (Ill. Rev. Stat. 1989, ch. 110½, par. 16—1). We agree that proceeding in the absence of a petition for the citation was, at least, improper, and we therefore reverse.

■ Sections 16—1(a) and (d) of the Act provide as follows:

"Citation on behalf of estate. (a) Upon the filing of a petition therefor by the representative or by any other person interested in the estate or, in the case of an estate of a ward by any other person, the court shall order a citation to issue for the appearance before it of any person whom the petitioner be-

lieves (1) to have concealed, converted or embezzled or to have in his possession or control any personal property, books of account, papers or evidences of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his representative or (2) to have information or knowledge withheld by the respondent from the representative and needed by the representative for the recovery of any property by suit or otherwise. The petition shall contain a request for the relief sought.

\* \* \*

(d) The court may examine the respondent on oath whether or not the petitioner has proved the matters alleged in the petition, may hear the evidence offered by any party, may determine all questions of title, claims of adverse title and the right of property and may enter such orders and judgment as the case requires. If the respondent refuses to answer proper questions put to him or refuses to obey the court's order to deliver any personal property or, if converted, its proceeds or value, or books of account, papers or evidences of debt or title to lands, the court may commit him to jail until he complies with the order of the court or is discharged by due course of law and the court may enforce its order against the respondent's real and personal property in the manner in which judgments for the payment of money are enforced. The court may tax the costs of the proceeding against the respondent and enter judgment therefor against him." Ill. Rev. Stat. 1989, ch. 110½, pars. 16—1(a), (d).

The record indicates that a petition for appointment of guardian was filed August 10, 1989, and letters of office were issued October 2, 1989. The circuit clerk issued citations to discover assets to Darrell Holm and Lee Holm, requiring them to appear on December 1, 1989, to be examined concerning property and income being held or having been received for the benefit of Evelyn Holm or which originated with her. Hearings on the citation proceedings were held December 1, 1989, January 8, 1990, July 31, 1990, and December 17, 1990. Defendant appeared at these hearings and was at times either represented by counsel or appeared *pro se*.

Following the December 17, 1990, hearing, defendant was given until December 21, 1990, to file written proof that funds allegedly belonging to Evelyn Holm actually belonged to Lee Holm. On December 21, 1990, Lee Holm filed documents indicating he had received a workers' compensation settlement in 1980. On April 17, 1991, defend-

ant received notice of the continuation of the citation proceedings until June 3, 1991. Defendant failed to appear on that date, and the court issued a rule to show cause requiring defendant's appearance at a continuation of these proceedings.

The court also found on June 3, 1991, based upon evidence received during the hearings held on January 8, 1990, July 31, 1990, and December 17, 1990, that funds in the amounts of $32,317.63 and $1,904.08 were the property of Evelyn Holm and not Lee Holm, and that Lee Holm had received and converted that property, thus defrauding Evelyn Holm. Based upon that finding, the court entered judgment against Lee Holm and in favor of the guardian of the estate of Evelyn Holm in those amounts.

Lee Holm appeared on June 13, 1991, and the court advised him of its findings and of his right to file a motion to reconsider the findings and judgment. The court allowed further evidence concerning the funds and granted the guardian's previously filed motion for attorney fees. Defendant filed a petition to vacate the judgment on July 11, 1991, and that petition was heard and denied on March 25, 1992.

Defendant claims on appeal he is not raising any question concerning the factual basis for the trial court's judgment but only that the trial court did not have jurisdiction because of the guardian's failure to file a petition. He notes that section 16—1(a) of the Act states "[u]pon the filing of a petition therefor by the representative \*\*\*, the court shall order a citation to issue \*\*\*. The petition shall contain a request for the relief sought." (Ill. Rev. Stat. 1991, ch. 110½, par. 16—1(a).) He further notes that section 16—3 of the Act provides for a jury trial to determine questions of fact and title to property in proceedings brought under section 16—1 or 16—2 of the Act (Ill. Rev. Stat. 1991, ch. 110½, par. 16—2). Ill. Rev. Stat. 1991, ch. 110½, par. 16—3.

■ Section 16—1 has been interpreted to authorize two types of citation proceedings (1) to obtain discovery as to assets of the estate, and (2) an adversary proceeding to determine the right and title to personal property. *In re Estate of Hinthorn* (1983), 116 Ill. App. 3d 37, 38, 451 N.E.2d 626, 627; *In re Estate of Weisberg* (1978), 62 Ill. App. 3d 578, 585, 378 N.E.2d 1152, 1157.

■ In *Schlieper v. Rust* (1977), 46 Ill. App. 3d 319, 360 N.E.2d 1192, the trial court was held to have exceeded its powers in citation proceedings when it granted relief beyond that which was requested in the petition for citation. If proceeding beyond the request in the underlying petition for citation there was, at least, impermissible,

then here the court clearly exceeded its authority when proceeding without any underlying petition.

Accordingly, we reverse. We need not remand as the estate is still before the court, but no valid citation proceeding is before the court.

Reversed.

McCULLOUGH and COOK, JJ., concur.